UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK DOUGLAS WILLIAMS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GENA JONES,<br><br>　　　　Respondent. | Case No.  2:23-cv-01862-KJM-JDP (HC)<br><br>**ORDER**<br><br>SCREENING THE AMENDED PETITION AND OFFERING LEAVE TO AMEND<br><br>ECF No. 16 |

　　　　Petitioner, a state prisoner, brings this action under section 2254 and alleges that he is actually innocent of the state criminal conviction that renders him in custody.  His petition, however, is deficient for two reasons.  First, he has not used the standard form which this district makes available to habeas petitioners and, as such, the exact contours of his lengthy petition are difficult to grasp.  Second, I cannot tell which, if any of the claims raised have been fully exhausted in state court.  I will give petitioner leave to amend so that he may be submit his claims on a standard form and specify their status as to exhaustion.

　　　　The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the

petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

    The amended petition runs to one-hundred and twenty-two pages, to say nothing of the numerous and varied attached exhibits.  ECF No. 16.  And, while the petition does generally delineate each claim, it can be difficult to tell which of the exhibits, some of which are interspersed within the petition, are intended to raise separate claims.  Additionally, I cannot tell which claims have been exhausted via presentation to the California Supreme Court.  Rather than serve the petition as it is and placing the burden on the respondent to parse it, I conclude that this case will proceed more efficiently if petitioner uses this district's standard habeas form.  He may still, if he desires, append additional pages of exhibits and argument, but all of his claims should be announced on the form.  He should also explain the exhaustion status of each claim he seeks to raise.

    Accordingly, it is hereby ORDERED that:

1. Petitioner may file an amended petition within thirty days of this order's entry.  If he fails to do so, I may recommend that this action be dismissed.
2. The Clerk of Court is directed to send petitioner a section 2254 habeas form with this order.

IT IS SO ORDERED.

Dated:   July 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2