UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK DOUGLAS WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GENA JONES,<br><br>　　　　　Respondent. | Case No.  2:23-cv-1862-DC-JDP (P)<br><br>ORDER |

Petitioner, a former state prisoner, brings this action under section 2254 and alleges that he is actually innocent of the state criminal conviction that has resulted in his placement in custody.  In my last screening order, I found that the petition was deficient because it did not use the standard habeas form offered by this district, and because the lengthy petition was difficult to understand.  ECF No. 18 at 1-2.  I also informed petitioner that his petition failed to indicate which, if any, of his claims had been exhausted in state court.  *Id.*  I gave petitioner leave to amend, and he has done so, ECF No. 26.  The amended petition is, however, deficient for the same reasons as its predecessor.  I will give petitioner one final opportunity to amend.  If the next amended petition is similarly flawed, I will recommend that this action be dismissed.  I will also deny petitioner's motion for appointment of counsel and for an evidentiary hearing.  ECF No. 28.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As before, petitioner has filed an extremely lengthy petition (nearly one thousand pages) comprised entirely of uncontextualized exhibits. ECF No. 26. And, as before, the exact number of claims at issue and their exhaustion status is impossible to determine. No respondent could reasonably be expected to digest a petition of this length and to understand the nature of petitioner's claims. I will dismiss the operative petition and give petitioner a final opportunity to amend.

I will also deny petitioner's motion for an evidentiary hearing and appointment of counsel. ECF No. 28. Therein, he alleges that an unnamed member of this district's clerk's office caused his most recent petition to be "improperly numerically filed." *Id.* at 2. I do not understand this allegation and, in any event, plaintiff's most recent petition has been filed and considered. There is no need for an evidentiary hearing on this issue and, as such, no need for counsel to represent him at such a hearing. The motion is denied.

Accordingly, it is hereby ORDERED that:

1. Petitioner's second amended petition, ECF No. 26, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send petitioner a habeas form with this order.

5. Petitioner's motion for evidentiary hearing and appointment of counsel, ECF No. 28, is DENIED.

IT IS SO ORDERED.

Dated:   March 7, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE