UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

Petitioner,

v.

GENA JONES,

Respondent.

Case No.  2:23-cv-1862-DC-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner filed an amended section 2254 petition, and, after I found that it did not state a cognizable claim, I granted him leave to amend.  ECF No. 30.  After petitioner requested and received additional time to file the amended petition, mail sent to plaintiff was returned as undeliverable.  ECF Nos. 31 & 33.  I entered an order directing petitioner to show cause why this action should not be dismissed for failure to state a claim, failure to prosecute, and failure to comply with court orders.  ECF No. 36.  Then, without filing an amended petition, petitioner objected to my show cause order.  ECF No. 37.  Petitioner's objections remain pending before the district judge.  He has, however, continued to file motions.  Pending are his motion for discovery and evidentiary hearing, ECF No. 46, a notice of disability and request for accommodation, ECF No. 47, a motion for leave to inspect court records and case file, ECF No. 49, a motion for

1

declaratory judgment and to stay proceedings, ECF No. 51, and a motion for declaratory and injunctive relief, ECF No. 52.  All should be denied.

<u>Motions for Discovery and Inspection of Court Records</u>

Petitioner's motions for discovery and to inspect court records, ECF Nos. 46 & 51, are denied because there is no operative petition.  As noted above, I dismissed the last petition with leave to amend on March 10, 2025, and, since then, petitioner has declined to file an amended petition, choosing instead to submit objections to my orders.  Thus, until those objections are resolved and a petition is made operative, there is no basis on which to conduct discovery.

<u>Request for Reasonable Accommodation</u>

Petitioner has filed a request for reasonable accommodation, requesting large print court forms and an undefined extension of time to "review accessible versions of the documents."  ECF No. 47 at 3-4.  This request appears to have been filed in multiple different cases that petitioner is litigating.  *Id.* at 1-2.  First, any request for extension of time in this case must specify what deadline petitioner seeks to extend and how much additional time he is requesting.  Similarly, I decline to order that the Clerk of Court alter all forms sent to plaintiff.  Thus far, he has proven able to read and respond to my orders that are written in twelve-point font.  If he needs additional time due to his vision impairment, he may file a motion requesting the extension of any specific deadline.

<u>Motions for Declaratory Judgment and for Injunctive Relief</u>

Petitioner's motion for declaratory and to stay proceedings, ECF No. 51, argues that the public access terminals maintained at the federal courthouse at 501 I Street, Sacramento, CA, are not accessible to him because of his visual impairments.  *Id.* at 4.  He requests that a declaratory judgment issue, finding that the infrastructure at the courthouse is "inaccessible to the visually impaired" and that this action be stayed until he is "provided with an effective, accessible format to review and file materials."  *Id.* at 11-12.  This motion should be denied.  This habeas action is an inappropriate vehicle to litigate plaintiff's claims regarding the accessibility of this federal courthouse.  The only relief available in a section 2254 action is immediate or expedited release from custody.  28 U.S.C. § 2254.  To the extent petitioner wishes to litigate the accessibility of

infrastructure at this courthouse, he must file a separate action.  Accordingly, I also deny his request for a stay.

Petitioner's motion for injunctive relief is also related to court accessibility.  He requests an order requiring the Clerk of Court to provide him with "high-contrast copies of court records." ECF No. 52 at 2.  This motion must be denied because it is unrelated to the validity of any conviction and, thus, unsuited to litigation in a section 2254 action.  Again, if petitioner wishes to challenge the accessibility infrastructure of this courthouse, he must do so in a separate action.

Conclusion

Accordingly, it is ORDERED that petitioner's motions at ECF Nos. 46, 47, & 49 are DENIED.

Further, it is RECOMMENDED that petitioner's motions for declaratory judgment, a stay of proceedings, and injunctive relief, ECF Nos. 51 & 52, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 1, 2026                          _____
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE